IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| We the People, ) | |
| ) | Civil Action No. 6:15-698-BHH-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Andy Strickland; ) | |
| Jodie Taylor; ) | |
| Matthew Walker; ) | |
| David Mathew; ) | |
| Colleton County Sheriff's Officer, ) | |
| ) | |
| Defendants. ) | |

This is a civil rights action brought by an unincorporated association. The unincorporated association consists of twenty-four prisoners at the Colleton County Detention Center. The unincorporated association is not affiliated with various organizations that use the name "We the People."

*Pro se* litigants may not represent corporations, unincorporated associations, estates, partnerships, or minor children in federal court, *see Days Inn Worldwide, Inc. v. JBS, Inc.*, No. 4:08-cv-1771-TLW-TER, 2010 WL 625391, at *2 (D.S.C. Feb. 19, 2010), even if the *pro se* litigant has been given a power-of-attorney. *See Securities & Exch. Comm'n v. White*, Civil Action No. 8:11-944-HMH-KFM, 2011 WL 1544202, at *3-4 (D.S.C. Apr. 22, 2011) (noting that even if family member holds power of attorney for party, non-lawyer cannot represent *pro se* party without violating law regarding unauthorized practice of law).

Hence, in an order (doc. 30) filed in this case on February 24, 2015, the undersigned directed the Clerk's Office to send to each detainee who submitted a motion for leave to proceed *in forma pauperis* in the above-captioned a special set of the Section 1983 forms (which included instructions, a complaint form, and a motion for leave to proceed *in forma pauperis*), five Forms USM-285, and a summons (Form AO 440).

During March 2015, the Clerk's Office received pleadings from twenty-two of the detainees who had submitted motions for leave to proceed *in forma pauperis* in the above-captioned case. Those cases were assigned separate civil action numbers and have been docketed by the Clerk's Office.

*Pro se* litigants may not represent an unincorporated association, such as "We the People," in federal court. The detainees who wished to do so have filed their own separate cases. Hence, I recommend that the above-captioned case be dismissed *without prejudice*. The plaintiff's attention is directed to the important notice on the next page.

April 6, 2015                                   s/ Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that it may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).