UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| We the People,<br><br>        Plaintiff,<br><br>vs.<br><br>Andy Strickland, Jodie Taylor, Matthew Walker, David Matthew, Colleton County Sheriff's Officer,<br><br>        Defendants. | Civil Action No.: 6:15-cv-00698-BHH<br><br>**Opinion and Order** |

Twenty-four prisoners at the Colleton County Detention Center, proceeding *pro se*, initiated this civil rights action on behalf of the unincorporated association "We the People."[1]  We the People ("Plaintiff") alleges various violations of its constitutional rights against Defendants Andy Strickland, Jodie Taylor, Matthew Walker, David Matthew, and Colleton County Sheriff's Officer. (Compl., ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Kevin F. McDonald, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge McDonald recommends that the Court dismiss the Complaint *without prejudice*. (Report 2, ECF No. 35.)  The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Plaintiff filed this action against Defendants alleging violations of its First, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights. (ECF No. 1 at 2.) On April 6, 2015, the Magistrate Judge issued a Report. On April 14, 2015, Plaintiff filed its

---

[1] This unincorporated association is not affiliated with various other organizations that use the name, "We the People."

1

Objection, (ECF No. 36), as well as a Motion to Amend/Correct the Complaint (ECF No. 37). The Objection and Motion to Amend are identical, explaining that Plaintiff wishes to "pursue a class action lawsuit," but "realize[s] that it was done not in the right form." (ECF Nos. 36 and 37.) Plaintiff asks to "[a]mend this Complaint to hopefully correct this matter." (*Id.*) Upon review, the Court finds the Objection and Motion to Amend to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The court reviews only for clear error in the absence of a specific objection. In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Court has conducted a *de novo* review of the Report and the record and agrees with the Magistrate Judge that this *pro se* class action may not proceed.

Indeed, the Fourth Circuit has found that "[i]t is plain error for a *pro se* inmate to represent other inmates in a class action." *Fowler v. Lee*, 18 F. App'x 164, 165 (4th Cir. 2001) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975)); *see also Duckett v. Fuller*, No. 6:13-cv-01079, 2013 WL 6181417, at *2 (D.S.C. Nov. 22, 2013) (dismissing the plaintiff inmates' *pro se* class action and instructing the Clerk of Court "to assign separate, individual civil action numbers to each of the co-[p]laintiffs"). However, as noted in the Report, twenty-two of the prisoners who comprised We the People have now filed their own individual civil rights cases. (ECF No. 35 at 2.) Therefore, the merits of the claims in this matter will still be tested.

Accordingly, Plaintiff's Objection is overruled, and the Court accepts the recommendation of the Magistrate Judge and adopts the Report in full.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's Objection and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. The Court further denies Plaintiff's Motion to Amend (ECF No. 37). Accordingly, this action is DISMISSED *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

January 7, 2016
Greenville, South Carolina